Collins
v.
Makepeace.    APPEAL from the *Orange* Circuit Court.

---

## Collins *v.* Makepeace.

In a suit upon a promissory note, a defense seeking to avoid the entire con-
tract for usury, without showing what amount of illegal interest it includes,
is bad.

Where the complaint counted upon a note and an account stated, a defense
alleging that the note was given by the defendant, and received by the plain-
tiff, in payment of the account, was held good, although it also charged an
alteration of the note, and was not verified by oath.

Suit upon a promissory note. Answer as follows: "Defendant admits that
he executed the note filed with, and referred to in the first count of the com-
plaint; but he avers that after its execution and delivery, the same was
altered without his consent or knowledge, in this: '20' before 'day' was
changed to '22;' the word '*August*' was stricken out, and the word '*March*'
written above it, which has also been obliterated. So the defendant did not
execute said note as it now is filed with said Court, and shown to him."
This defense was verified by oath. And the plaintiff replied thus: "Said

note was not made payable on the 20th day of *August*, 1853, as in the second paragraph alleged; but was made payable on the 22d day of *August*, by the draftsman, *S.*, through inadvertence—it being, at the time of making the note, expressly understood between the parties that a judgment should be taken at the term of the Court then in session, upon the note. And upon discovering that, owing to the time he, *S.*, had made the note payable, such judgment could not then be taken, and still having the same note in his possession, he struck out the word '*August*' without the knowledge or consent of the plaintiff, of which he immediately notified the defendant, who objected to such alteration being made, whereupon he, *S.*, at the request of the defendant, then and there struck out the word '*March*' and restored the word '*August*,' as written at the time the note was executed, with which the defendant then and there expressed himself satisfied, and agreed to the note being then as it originally stood." *Held*, that the reply was good.

Complaint in two counts, first, upon a note, and second, upon an account stated. The answer set up to the first count, usury, alterations, &c., and to the second, that the note had been given in payment of the account. Verdict "for the plaintiff on the counting, 166 dollars, 50 cents, without interest on said claim, regarding said note invalid." The evidence was not in the record on appeal. *Held*, that the verdict, though informal, is substantially for the defendant on the first count, and for the plaintiff on the second.

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—The appellee was the plaintiff below, and *Collins* was the defendant. The complaint contains two counts. The first is upon a promissory note in these words:

"On or before the 20th day of *August*, 1853, I promise to pay *Allen Makepeace* 166 dollars and 50 cents, value received, waiving the appraisement laws of *Indiana*, to draw 6 per cent. from date. *March* 22, 1853.

                                    "*Elijah Collins*."

The second count is upon an account stated, under which there is filed a bill of particulars in this form:

"*Elijah Collins*, to *Allen Makepeace*, Dr.:

"*March* 22, 1853. To balance due me on settlement of that date on a note executed by you and *Rhoda Barret*,.................. $166 50"

Defendant's answer contains seven paragraphs. The first, second, third, fourth, and seventh, are to the first count of the complaint, and the fifth and sixth, to the second count.

Demurrers were sustained to the fourth, fifth, and sixth

*Nov. Term, 1859.*

COLLINS
v.
MAKEPEACE.

*Wednesday, December 14.*

paragraphs, and to the other paragraphs there were replies.

The fourth paragraph alleges, "that one *Andrew Collins* being desirous of borrowing money of plaintiff, and he being desirous of lending money to said *Andrew*, at a greater rate of interest than is allowed by law, this defendant, together with one *Rhoda Barret*, executed their promissory note to said *Andrew*, without any consideration, for 400 dollars, dated *October* 11, 1849, due in twelve months, with interest from date, which note said *Andrew* afterwards assigned to said plaintiff, he, the plaintiff, having full knowledge that said note was given without consideration in the manner aforesaid, for the purpose of being so sold to him, and plaintiff, at the time of the assignment, gave to said *Andrew*, for said note, but 300 dollars. So the plaintiff, in manner aforesaid, corruptly and unlawfully loaned to said *Andrew*, in manner aforesaid, money at a greater rate of interest than is allowed by law; and afterwards, on the 22d of *March*, 1853, said *Rhoda* paid the plaintiff on said note the sum of ——, and the defendant executed to the plaintiff the note sued on, as a part payment of said first-mentioned note, the same being given as such payment, and for no other consideration. So the note sued on was given for unlawful and usurious interest, and without consideration, of which the plaintiff had full notice."

This defense is evidently defective.

The statute on the subject of interest does not render the contract upon which an illegal rate of interest is reserved, wholly void, but simply avoids it so far as it reserves the interest. R. S. 1843, p. 581, § 29.—1 R. S. p. 344, § 4.

The defense, then, is objectionable, because it seeks to annul the entire contract sued on, without showing how much or what amount of illegal interest it includes. To bring such a defense within the statute, it is essential that the amount of interest included in the note should appear on the face of the pleading. *Hays* v. *Miller*, 12 Ind. R. 187.

The fifth paragraph is as follows: "The note declared on was given by the defendant, and received by the plaintiff, in payment and satisfaction of the account stated, as set forth in the second count of the complaint, and when executed to the plaintiff by the defendant, was due the 20th of *August*, 1853; but after such execution, said note was, without the knowledge or consent of the defendant, so altered by the plaintiff as to become due the 22d of *March*, 1853."

This defense, it is insisted, is demurrable, because that branch of it which alleges the alteration of the note without the assent of the defendant, is not verified by oath. We think otherwise. So far as the defense relates to such alteration, it may be ineffective. Still the first branch of the paragraph, viz., that "the note declared on was given by the defendant, and received by the plaintiff, in payment and satisfaction of the account stated, as set forth in the second count," is, in our opinion, well pleaded, and constitutes a sufficient bar to a recovery upon the stated account. If, as alleged in the defense, and admitted by the demurrer, the note was given by the defendant in payment and satisfaction of the account, and so received by the plaintiff, the account was merged in the note, and had no longer an existence, as a legal demand against the defendant.

The sixth paragraph is, in effect, the same as the one just considered, and is, consequently, subject to the same rule of decision.

The following are the facts set up in the second paragraph:

"Defendant admits that he executed the note filed with, and referred to in, the first count of the complaint; but he avers that after its execution and delivery, the same was altered without his consent or knowledge, in this: '20,' before 'day,' was changed to '22;' the word '*August*' was stricken out, and the word '*March*' written above it, which has also been obliterated. So the defendant did not execute said note as it now is filed with said count, and shown to him."

Nov. Term,
1859.

COLLINS
v.
MAKEPEACE.

This defense was verified by oath. And the plaintiff replied thus:

"Said note was not made payable on the 20th day of *August*, 1853, as in the second paragraph alleged; but was made payable on the 22d day of *August*, by the draftsman, *John H. Swaar*, through inadvertence—it being, at the time of making the note, expressly understood between the parties that a judgment should be taken at the term of the Court then in session, upon the note. And upon discovering that, owing to the time he, *Swaar*, had made the note payable, such judgment could not then be taken, and still having the same note in his possession, he struck out the word '*August*' without the knowledge or consent of the plaintiff, of which he immediately notified the defendant, who objected to such alteration being made, whereupon he, *Swaar*, at the request of the defendant, then and there struck out the word '*March*' and restored the word '*August*,' as written at the time the note was executed, with which the defendant then and there expressed himself satisfied, and agreed to the note being then as it originally stood."

To this reply the defendant demurred; but his demurrer was overruled.

We perceive no valid reason why this reply should be deemed objectionable. *Swaar*, who drew the note, still having it in his possession, changed its time of payment so as to correspond with what he understood to be the intent of the parties when it was executed. This, to say the least of it, was an act that cannot be justified; but it was done without the assent or knowledge of the plaintiff, by a stranger to the instrument, and did not, therefore, so operate as to avoid the contract. 1 Greenl. Ev., § 566, note 1. There can, however, be no doubt as to the validity of the reply, when it is noted that the defendant was informed of the alteration, and, at his suggestion, the note was restored to the same condition in which it originally stood. The demurrer was correctly overruled.

The issues were submitted to a jury, who returned a ver-

dict in these words: "We, the jury, fined for the plaintiff on the counting, 166 dollars, 50 cents, without interest on said claim, regarding said note invalid."

Motions for a new trial, and in arrest, were overruled, and judgment rendered on the verdict.

The evidence not being in the record, we must presume that the finding of the jury accords with its weight; but it is insisted that the verdict itself is defective—that it does not conform to the issues. We are not inclined to adopt that conclusion. The verdict, it is true, is very informal; but it finds substantially for the defendant on the first count of the complaint, and for the plaintiff on the second count. This seems to cover the whole controversy between the parties.

For the errors in sustaining the demurrers to the fifth and sixth paragraphs of the answer, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. March,* for the appellant.
*T. J. Sample,* for the appellee.