Nov. Term.
1861.

WEBB
v.
DEITCH.

</div>

---

## WEBB and Another *v.* DEITCH.

An answer setting up usury goes only to a part of the cause of action, and should only assume to answer so much, since an answer that assumes to bar the whole cause of action, and in fact only bars a part is bad on demurrer.

APPEAL from the *Johnson* Circuit Court.

*Per Curiam.*—Suit upon note; general answer that the note was usurious. Usury does not render a note void under our statute, for the principal. An answer of usury, therefore, goes to only a part of the cause of action. Such an answer should not, therefore, assume to answer the whole cause, but should be, that as to so much of the plaintiff's cause of action, viz., the amount of the usury, the defendant answers; because an answer that assumes to go in bar of the action, and only on its face bars a part, is bad, not containing facts sufficient to bar the action. In the case at bar the defendant did not limit his answer to a part of the cause of

<div style="text-align: right;">

*Saturday,*
*December* 14.

</div>

Nov. Term, 1861.

action, but put it in to the whole, and claimed a judgment in his favor.

The judgment below must be affirmed, with 1 per cent. damages and costs.

*T. W. Woollen* and *C. F. McNutt*, for the appellants.

*Overstreet* and *Hunter*, for the appellee.