Nov. Term,
1861.

McINTIRE
v.
WHITNEY.

Saturday,
December 14.

McINTIRE v. WHITNEY, PRESIDENT OF THE INDIANA BANK.

An answer, setting up defense of usury in bar of too much of the cause of action is bad.

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.—Suit upon a bill of exchange of the following tenor:

"EXCHANGE FOR $1,500.

"MADISON, IND., *July* 29, 1858.

"Four months after date of this first of exchange, (second unpaid,) pay to the order of myself, at the *Northern Bank of Kentucky*, at *Louisville*, fifteen hundred dollars, value received, without any relief from valuation laws.

"J. O. McINTIRE.

"To Mr. SAM'L BROWN, *Louisville, Ky.*

"Accepted, S. BROWN."

[Indorsed,] "J. O. McINTIRE."

This bill was indorsed to the president of the *Madison Bank*, who was the drawer and acceptor.

The defendant answered: 1. Denying each and every allegation of the complaint. 2. And for further and second answer the defendant says he made said bill for the accommodation of the acceptor, who transferred it to the *Bank of Madison*, receiving therefor the sum of thirteen hundred and twenty dollars; that one hundred and eighty dollars was taken for the discount of the bill; that it was usury; that the bank knew all the facts, and that the object of the bill was to obtain a loan, &c.

The plaintiff demurred to this second answer, because it did not contain facts sufficient to bar the plaintiff's action. The Court sustained the demurrer. The defendant refused to amend the answer; and, upon the bill as evidence, the Court rendered judgment for the plaintiff for the amount of it.

Did the Court err in sustaining the demurrer? This is the only question. The answer went in bar of the whole cause of action. Did it contain facts sufficient to bar the entire action? If not it was bad. Clearly, it did not. Usury, supposing the answer to show usury, (a point we do not

decide,) only bars a recovery for interest—it does not bar a
recovery for the principal; and, by the act of *March*, 7, 1861,
only the usurious interest is barred.   Acts 1861, p. 138.
See, as to the usury, *Hosier* v. *Eliason*, 14 Ind. 523.   Now,
what was the Court to do on this answer?  The demurrer to
it had to be sustained or overruled as a whole.   It was
pleaded as a bar to the action.   Was it such?   Clearly
not.   It was bad as to a part, in fact; hence, it was bad, in
law, as to the whole.

The answer should have been as to one hundred and
eighty dollars, part of the cause of action, so that the
plaintiff, in reply, could have craved and had judgment for
the balance, and made his issue on the disputed portion.
This rule is well settled.   We can not depart from it in this
case.   *Brown* v. *Perry*, 14 Ind. 32.

*Per Curiam.*—The judgment is affirmed, with 1 per cent.
damages and costs.

*Harrington* and *Allison*, for the appellant.

*Geo. W. Richardson*, for the appellee.