## WILSON v. FLEMING and Another.

USURY.—An answer in bar of a recovery upon a note is bad on demurrer, where the facts averred show that only a part of the consideration of the note is usurious.

INDEPENDENT CONTRACTS.—Although a part of the illegal interest was reserved upon independent transactions, still, if they were all merged in one indebtedness at the time, and the note was given for a portion of the general debt, the defendant can set up the usurious consideration included in this indebtedness, and is entitled to an abatement of the usury in the same ratio as the illegal interest bore to the legal principal and interest in the total indebtedness.

APPEAL from the *Ripley* Common Pleas.

RAY, CH. J.—The appellant brought his action in the court below to recover the sum of $600, charged to be due upon a promissory note, executed by the appellees on the 22d day of *September*, 1859, and due one year thereafter. The appellees filed answer to the first and second paragraphs, to which the appellant demurred separately. The court overruled the demurrers; to which rulings the proper exceptions were taken, and issues were formed and the cause tried, resulting in a finding and judgment for appellees. The only questions presented in this case are as to correctness of the action of the court upon the demurrers. The appellees averred, in the first paragraph of their answer, that on the 29th day of *November*, 1854, the appellant held four certain promissory notes, executed by said *Fleming*, (copies of which were filed,) and that appellant computed interest thereon from their respective dates to said time, at the rate of sixteen per cent. per annum,

and added the principal and interest, and said *Fleming*, with two other persons as his security, executed notes therefor, copies of which were filed. That appellant on the 2d day of *March*, the 1st day of *May*, and the 6th day of *July*, 1855, held other notes from said *Fleming*, and subsequently received notes in renewal of all the outstanding notes described in the answer, which renewal notes included interest at the rate of sixteen per cent. per annum. That on the 22d of *December*, 1859, the note for the collection of which this suit was instituted was given, together with two other notes, one for $500 and the other for $600, all in renewal of the former notes, and including interest at sixteen per cent. The answers averred, that $542 was the entire sum actually due upon said notes, and that the balance was for interest at said usurious rate, and that the consideration of the note described in the complaint was part of said interest so usuriously reserved. The answer, however, averred also that the three last mentioned notes were "for one and the same consideration." The demurrer was, that the facts stated did not constitute a defense to the action. This objection was well taken, and should have been sustained. The allegation that the consideration of this note was entirely usurious, is contradicted by the accompanying averment that the three renewal notes were "for one and the same consideration." That consideration included not only interest at sixteen per cent., six per cent. of which the plaintiff can recover, but also the principal of the first notes given, and the consideration of which was not denied in the answer. The facts, if they had been pleaded only in bar of the usurious interest included in the note, would have constituted a good defense as to so much of the consideration. Although a portion of the illegal interest was reserved upon independent transactions, still, as they were all merged in one indebtedness at the time of the final renewals, the appellees are entitled to an abatement in this action of the usury, in the same ratio as the illegal interest bore to

the legal principal and interest in the total sum of $1,700, for which the three notes were given.

The second paragraph of the answer was a plea of set-off "for money paid to the plaintiff (appellant) for the use and forbearance of payment of said sums," etc. This paragraph is defective in not having charged that the money paid, and which the plea tendered as a set-off, was for usurious interest. The demurrers should have been sustained to the first and second paragraphs of the answer.

Judgment reversed, and cause remanded.

*Ed. P. Ferris*, for appellant.

*John K. Thompson*, for appellee.