MITCHELL v. BURCH.

REPLEVIN.—*Practice.*—*Verdict.*—*Damages.*—On the trial of an action of re-
plevin to recover eighteen hogs, the jury returned the following verdict: " We,
the jury, find the property replevied to be the property of the plaintiff, and
assess his damages at twenty-five dollars, and assess his damages for the de-
tention thereof at twenty-five dollars.        GEORGE RIDGE, Foreman."
" We, the jury, find the nine hogs not replevied to be the property of the
plaintiff and are of the value of ninety-five dollars, and assess his damages for
the detention thereof at ninety-five dollars.     GEORGE RIDGE, Foreman."
*Held,* that the verdict was sufficient; that it would have been better to have em-
braced the entire finding in one verdict, but the informality would not vitiate,
and a motion for a *venire de novo* was properly overruled.
*Held,* also, that the plaintiff was entitled to damages for the time necessarily spent
and expenses incurred in hunting for his hogs. He was also entitled to com-
pensation for any deterioration in the value of his property while in the hands
of the defendant.

APPEAL from the Fountain Common Pleas.

BUSKIRK, J.—This was an action of replevin brought by
the appellee against the appellant, to recover the possession
of eighteen head of hogs, which he alleged belonged to him,
and had been illegally and unlawfully taken, and were unlaw-
fully and wrongfully detained by the appellant.

The appellant answered in two paragraphs: first, denial;
second, that the defendant was the owner of the hogs in con-
troversy. The cause was tried by a jury, which returned the
following verdict:

"We, the jury, find the property replevied to be the prop-
erty of the plaintiff, and assess his damages at twenty-five
dollars, and assess his damages for the detention thereof at
twenty-five dollars.

GEORGE RIDGE, Foreman."

"We, the jury, find the nine hogs not replevied to be
the property of the plaintiff, and are of the value of ninety-
five dollars, and assess his damages for the detention thereof
at ninety-five dollars.

GEORGE RIDGE, Foreman."

The appellant moved the court to set aside the said verdict for informality and uncertainty, and order a *venire de novo*. This motion was overruled, and the appellant excepted.

The appellant moved the court for a new trial, and assigned therefor the following reasons:

First. The verdict of the jury is not sustained by sufficient evidence.

Second. The verdict of the jury is contrary to law.

Third. The damages assessed are excessive.

Fourth. Error in assessment of the amount of recovery, the same being too large.

Fifth. Error in the action of the court in rendering judgment upon the verdict and refusing a *venire de novo*.

The motion was overruled, and the appellant excepted.

The court rendered a judgment on the verdict. The judgment was that the plaintiff was the owner of, and entitled to the possession of the hogs described in the complaint, and that the plaintiff recover of and from the defendant, the sum of one hundred and twenty dollars as and for his damages as assessed by the jury, and costs of suit.

The evidence is in the record by bill of exceptions. The appellant has assigned the following errors:

First. The court erred in overruling the appellant's motion to set aside the verdict of the jury, and for a *venire de novo*.

Second. The court erred in rendering judgment upon the verdict of the jury, and in overruling the appellant's motion to set the verdict aside.

Third. The court erred in overruling appellant's motion for a new trial.

We think the court committed no error in overruling the motion for a *venire de novo*. The plaintiff, in his complaint, claimed that the defendant had unlawfully taken, and was wrongfully in possession of eighteen hogs that belonged to him. The writ was for eighteen hogs. The sheriff, by virtue of the writ, took from the defendant nine hogs and delivered them to the plaintiff. The other hogs were not found.

Mitchell *v.* Burch.

The jury found separately as to the hogs replevied and those not replevied. It would have been better to have embraced the entire finding in one verdict, but the form adopted does not vitiate the verdict. It is in reality but one verdict. The jury found as to the hogs replevied, that the plaintiff was the owner and entitled to the immediate possession, and assessed the plaintiff's damages for the detention of them at twenty-five dollars. There is a repetition of the finding of the damages, but it was evidently the intention of the jury to find only twenty-five dollars as the damages. Whatever uncertainty there was in the verdict as to the damages was remedied and rendered certain by the court only rendering judgment for twenty-five dollars. If a verdict can be understood, it will be sustained although informal, but if it is so uncertain that it cannot be understood it will be set aside. *Jones* v. *Julian*, 12 Ind. 274; *Collins* v. *Makepeace*, 13 Ind. 448. As the plaintiff obtained by the writ the possession of the hogs replevied, there was to be no order for the return of said property, and therefore it was not necessary to find the value of the hogs replevied. 2 G. & H. 219, sec. 364, provides, that "in an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or the value thereof in case a delivery cannot be had, and damages for the detention. Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value in case a return cannot be had, and the damages for the taking and withholding of the property." *Tardy* v. *Howard*, 12 Ind. 404, and *Chissom* v. *Lamcool*, 9 Ind. 530, give a construction to the above section.

It is next assigned for error that the court erred in rendering a judgment for the plaintiff upon the verdict. We are unable to see any error in that, as it was the duty of the court to render such judgment unless a *venire de novo* was awarded or a new trial granted.

The next error assigned is based upon the action of the

court in overruling the motion for a new trial. In the first place it is maintained that the verdict is not sustained by the evidence. We will consider this question first as to the hogs replevied, and secondly, as to those not replevied.

We have examined the evidence with care, and are of the opinion that the decided preponderance of the evidence was clearly with the plaintiff in reference to the hogs replevied. The evidence offered by the defendant would not have more than raised a reasonable doubt of his guilt, if he had been upon his trial for the larceny of such hogs.

The evidence in reference to the hogs not replevied was not so plain and certain; for want of the personal examination and identification of the hogs, as that in reference to the hogs found in the possession of the appellant. The evidence, in our judgment, establishes the following facts. The plaintiff had, in a lot of about three-quarters of an acre, about thirty hogs. The fence was safe and secure. There was a gate that was securely fastened with a pin. Eighteen of the hogs were pigged the plaintiff's, on his farm, in October, 1868. The thirty head of hogs had been kept in said lot during the winter, and down to the early part of May, 1869. They had been let out occasionally and taken to water, and then returned to the lot. They were being fattened for the June market. The hogs were in the said lot after dark on an evening early in May, 1869. The gate was fastened so securely that the plaintiff preferred to climb over the fence rather than to take the pin out and open the gate.

The hogs went from the lot into a meadow. It was not known whether the meadow fence was up or down. When the hogs got into the road there was a lane leading up to defendant's house. The next morning the gate was open and the pin was lying near the gate post, and eighteen of the largest and fattest of the hogs were gone. A very careful and diligent search was made the next day over the farm of the plaintiff, and for about three weeks through the neighborhood, when eleven of the plaintiff's hogs were seen and identified by several persons on the farm of the defendant;

Mitchell *v.* Burch.

but when the sheriff went there with the writ, only nine of the plaintiff's hogs were found.

The theory of the defence was, that the hogs in controversy had been pigged the defendant's, and that they had been put up by the plaintiff, and had got out, and had gone home. This theory was overcome by the evidence, which showed that the nine hogs found at the defendant's had been continuously at the plaintiff's from in the fall until the first of the May following, and they had been kept and fed with other hogs. If the hogs had been pigged on the farm of the defendant, they would have lost all knowledge of their old home. The defendant lived about one mile from the plaintiff. We think that the evidence shows that the gate was opened, and the hogs were driven away. If they had gotten out themselves they would most likely, following their instincts and habits, have wandered over the farm, or neighborhood, and when they became hungry would have returned to the place where their comrades were, and where they had been fed so many months. As a part of the missing hogs were found on the farm and under the control of the defendant, and the others were never seen or heard of in the neighborhood, we are inclined to hold that the jury were justified in finding that the defendant had obtained wrongfully the eighteen hogs; and when to this evidence is added the additional facts, that the defendant admitted that the nine hogs found at his farm were hogs that the plaintiff had been feeding, and that a witness who had assisted the plaintiff in marking his pigs testified that the defendant had offered him five dollars to swear that the plaintiff had marked his hogs differently than he had, and that this was not denied by the defendant when he was examined as a witness, we are satisfied that there was evidence from which the jury might have found as they did. We do not feel authorized or required by the principles of law, and the rules of practice in this court, to disturb the finding of the jury on the weight of the evidence.

It is next insisted that the damages were excessive, for the

detention of the nine hogs that were replevied. As we have seen, the jury assessed the plaintiff's damage at twenty-five dollars for the detention of the nine hogs.

The solution of this question will depend upon the elements that enter into and constitute the basis for determining the measure of damages for the detention of personal property, in an action of replevin.

The plaintiff testified as follows:

"I lost two weeks time hunting hogs; hands were worth one dollar per day; team to plow worth from one dollar and fifty cents to two dollars per day; had to stop the plow while hunting the hogs, as I only had two work horses, and used one to ride."

An elementary writer states the law thus: "When the property has been delivered to the plaintiff, and the jury find for him, they should assess the damages for the detention, and he is entitled to compensation for any deterioration in the value of the goods replevied, while they were in the hands of the defendant, and also for his time lost and expense incurred in searching for his property, and to the hire of slaves. When the property has not been delivered to him, the jury should also find the value of the property. In this case the damages for detention are usually interest on the value from the time of taking, but in proper cases exemplary damages may be given." Morris Replevin, 193–4.

NELSON, C. J., in delivering the opinion of the court in Bennett v. Lockwood, 20 Wend. 224, says: "The defendant took the horse and wagon of the plaintiffs wrongfully, and used them, by reason of which taking the plaintiffs were induced to believe that the person to whom they had hired them temporarily had absconded, and therefore they went in pursuit of their property, and expended time and money. It is insisted for the plaintiffs in error that the common pleas erred in allowing the plaintiffs to recover for the time spent, and expenses incurred, on the ground that the damages thus claimed were not the natural or necessary consequence of the wrongful taking. Admitting the counsel for the plain-

tiffs to be right in this proposition, it is no objection to the recovery if the damages were proximate and not too remote, and were claimed in the declaration. 1 Chitty's R. 333; Saund. Pl. and Ev. 136. Here the damages were duly claimed; they occurred in the use of reasonable means on the part of the plaintiffs to repossess themselves of their property, and were occasioned by the wrongful act of the defendant,"

It was held in *Gordon* v. *Jenney*, 16 Mass: 470, that "any deterioration of the goods, while in the possession of the defendant after the unlawful taking, is a proper subject of damages. But after they are restored, if they should be injured, decayed or otherwise impaired in value, it must be at the plaintiff's risk, if he prevails in the suit, however long the process may continue; because he may always convert them into money, under such circumstances as will furnish proper evidence of their value, when he comes to be answerable upon his bond, or he may keep them in possession at his election."

We are of the opinion that the plaintiff was entitled to recover damages for the time necessarily spent and expenses incurred in hunting for his hogs. He does not claim for any time spent or expense incurred after he had ascertained where his hogs were. He would have no right to recover for time spent or expenses incurred after he had ascertained where his property was. It is shown by the evidence by the defendant that he knew that the plaintiff was hunting for his hogs, and did not inform him where they were. We are of the opinion that the hogs of the plaintiff were wrongfully taken away by the defendant, and that he permitted the plaintiff to spend time and money, and delay his plowing, in the search for his property, and that it is reasonable and just that he should compensate him in damages therefor. We do not think the amount found by the jury is excessive, upon the facts in the case. The court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*T. F. Davidson*, for appellant.

*J. H. Brown* and *J. McCabe*, for appellee.