## JACKSON *v.* FOSBENDER ET UX.

VENDOR AND PURCHASER.—*Mortgage.*—*Failure of Title.*—Where a vendee gives a mortgage on the real estate conveyed to him, to secure the purchase-money, it is not a sufficient answer to an action to foreclose the mortgage that the vendor had no title to the land so conveyed; but if in the same action a personal judgment is sought on a note secured by the mortgage, a different question is presented.

Jackson *v.* Fosbender *et ux.*

PLEADING.—*Answer.*—An answer in bar, which professes to answer the whole cause of action, but which answers a part only, is bad on demurrer.

From the Hamilton Common Pleas.

*D. Moss* and *F. M. Trissal,* for appellant.

*J. Stafford,* for appellees.

OSBORN, J.—This was an action to foreclose a mortgage upon real estate, given to secure two promissory notes. Copies of the notes and mortgage are filed with the complaint. There is an averment in the complaint that a mistake was made in the description of the land mortgaged, specifying it. Prayer for a foreclosure, a correction of the mistake, and other proper relief.

An answer was filed alleging, in substance, that the appellant purchased of the appellee Christiana Fosbender, who is the wife of the other appellee, certain real estate in Hamilton county, and received a bond therefor upon conditions which are set out; a part of which were, that a good and sufficient deed was to be made at a time named, when he was to execute the notes and mortgage mentioned in the complaint, to secure a part of the purchase-money; that a deed was made, and the notes and mortgage were given; that at the time of accepting the deed and executing the notes and mortgage, he believed that the deed contained a correct description of the land purchased, but he has learned since that there was a mistake in the description, and that the appellee had no title to the land purchased. The mistake is not specified.

To this answer, a reply was filed, admitting the mistake in the description, but averring that the appellees had tendered to the appellant deeds correcting it, and that such deeds were brought into court and filed with the clerk for his use and benefit. A demurrer was filed to the reply, which was sustained to the answer, and an exception taken. The appellant failing and refusing to amend, the court ascertained the amount due upon the notes, and final judgment of foreclo-

sure, etc., was rendered, according to the prayer of the complaint.

The only error assigned is in sustaining the demurrer to the answer.

The paragraph of the answer professes to answer the whole cause of action, and is not merely a defence to a personal judgment on the notes. "An allegation of an entire want of title in the vendor is no defence to the foreclosure of the mortgage given to secure the purchase-money." *Hubbard* v. *Chappel,* 14 Ind. 601; *Rogers* v. *Place,* 29 Ind. 577.

The appellant accepted a deed for the land and gave the notes and mortgage to secure the unpaid purchase-money. If he acquired no title under the deed, then a simple foreclosure will not injure him. The appellees are entitled to have whatever interest was conveyed to him by the deed foreclosed. If there is a defect in the title, that might be a valid defence to a personal judgment on the notes, but none to a foreclosure.

The rule that an answer is bad which purports to answer the whole cause of action, but which only answers a part, is too well established to need the citation of authorities. But see *Brown* v. *Perry,* 14 Ind. 32; *Moorman* v. *Barton,* 16 Ind. 39; *Moorman* v. *Barton,* 16 Ind. 206; *Bouslog* v. *Garrett,* 39 Ind. 338; *Trisler* v. *Trisler,* 38 Ind. 282.

The judgment of the said Hamilton Common Pleas is affirmed, with costs and two per cent. damages.