## PICKERELL ET AL. *v.* FRANKEM.

PLEADING.—*Partial Answer Pleaded to Whole Complaint.*—*Promissory Note.* —*Judgment.*— *Former Recovery.*—In an action against the maker and an endorser of a promissory note payable in bank, one paragraph of the complaint counted upon the note, alleging its endorsement to the plaintiff, while another paragraph counted upon a judgment recovered upon such note, against the maker and plaintiff, by one to whom the note had been endorsed by the plaintiff, and who had assigned the judgment to the plaintiff. The defendants, for answer to the whole complaint, pleaded such former recovery upon the note.

*Held*, on demurrer, that such answer, though sufficient as to the first, was insufficient as to the second paragraph of the complaint, and therefore that the demurrer was properly sustained.

SUPREME COURT.—*Record.*—*New Trial.*—*Evidence.*—Where the evidence is not in the record, the Supreme Court can not consider a motion for a new trial, based upon matters relating solely to the evidence.

From the Marion Circuit Court.

*W. P. Adkinson*, for appellants.

NIBLACK, J.—Isaac L. Frankem sued Samuel J. Pickerell, James P. Wright and John M. McCahan before a justice of the peace, but with what result the record does not inform us, as the transcript which the justice filed in the circuit court is not in the record. Owing, also, to the absence of this transcript from the record, it is not shown by what means or upon whose agency the cause was brought to the circuit court.

After the cause reached the circuit court, the plaintiff filed an amended complaint, in two paragraphs.

The first paragraph alleged, that, on the 11th day of September, 1874, the defendant Pickerell executed to his co-defendant Wright his promissory note for fifty dollars, due ninety days after date, and negotiable and payable at the FirstNational Bank of Indianapolis, with ten per cent. interest, filing a copy of the note, and that afterward the said Wright had endorsed said note to the other defendant, McCahan, who had endorsed the same to the plaintiff, such note remaining still unpaid.

The second paragraph alleged the execution of a note, by Pickerell to Wright, for fifty dollars, negotiable and payable at the First National Bank of Indianapolis, as in the first paragraph, the endorsement of such note by Wright to McCahan, the endorsement by McCahan to the plaintiff, and by the plaintiff to Thomas J. Cottrell & Co.; also the recovery of a judgment upon said note by Cottrell & Co., on the 11th day of January, 1875, against Pickerell and the plaintiff, for the amount due upon it, the issuance of an execution upon such judgment, in consequence whereof the plaintiff was compelled to pay and did pay said judgment, and the failure of the defendants to repay to the plaintiff the amount so paid by him to satisfy said judgment.

An answer consisting of five paragraphs was filed to the whole complaint.

The first paragraph was the general denial, by all the defendants:

The second paragraph was a plea of payment, by all the defendants.

The third paragraph set up, on behalf of the defendants Wright and McCahan, the recovery of a judgment by Cottrell & Co., before a justice of the peace, upon the note in suit, against Pickerell and the plaintiff, the entry of replevin bail on said judgment by one Joseph Stumph, and the ability of both Pickerell and Stumph to have paid the judgment, by reason of which the payment of the same by the plaintiff was both voluntary and unnecessary.

The fourth paragraph was the separate answer of Pickerell, and set up on his behalf substantially the same facts contained in the third paragraph, constituting, as we construe it, what might be termed an informal plea of a former recovery.

The fifth paragraph was a plea of former recovery, by all the defendants, alleging the recovery of a judgment by Cottrell & Co., upon the note described in the complaint, against Pickerell and the plaintiff, as set out in the third paragraph.

A demurrer was sustained to the fourth and fifth paragraphs of the answer.

The plaintiff thereupon dismissed the action as to the defendants Wright and McCahan, and, issues being joined, the cause was submitted to the court for trial.

The court found that there was due the plaintiff the sum of sixty-eight dollars and eighty-three cents, and rendered judgment against the defendant Pickerell for that sum.

The appellants have assigned for error the sustaining of the demurrer to the fourth and fifth paragraphs of the answer.

The facts set up in both of those paragraphs, conceding them to have been well pleaded, did not, as to either of

them, constitute a defence to the second paragraph of the complaint, which alleged a recovery upon the .note and a payment of the judgment by the plaintiff; and, as those paragraphs assumed to answer the whole complaint, but did not answer all of it, they were bad on demurrer. 1 Chitty Pleading, 16th Am. ed., p. 523 ; *Jackson* v. *Fosbender,* 45 Ind. 305 ; *Richardson* v. *Hickman,* 22 Ind. 244 ; *McDougle* v. *Gates;* 21 Ind. 65 ; *Louis' Adm'r* v. *Arford,* 21 Ind. 235; *Free* v. *Haworth,* 19 Ind. 404; *Conwell* v. *Finnell,* 11 Ind. 527 ; *Webb* v. *Deitch,* 17 Ind. 521.

The defendant Pickerell, at the proper time, interposed a motion for a new trial, but his motion was overruled, and the appellants have also assigned for error the decision of the court upon that motion.

The evidence, however, is not in the record, and it was only upon matters arising upon the evidence that legitimate causes for a new trial were assigned. Under such circumstances, we must presume that a new trial was correctly refused.

Other questions are discussed by counsel for the appellants, but they are not reserved in such a way as to be available here.

The judgment is affirmed, at the costs of the appellants.