[Merritt v. The State.]

# Merritt *v.* The State.

*Selling Sewing Machines without License.*

1. *Indictment must charge want of license.*—An indictment for selling sewing machines without license, must charge that the accused did engage in, or carry on the business of selling, and did sell sewing machines without first having paid for, and obtained a license therefor; and that at the time he did engage in, or carry on the business of selling sewing machines, he was either a member of the sewing machine company, or its agent.

2. *The jury must ascertain whether the business was carried on.*—Whether or not the sale of two or three sewing machines is sufficient to warrant a conviction for engaging in, or carrying on such a business, is a question for the jury.

3. *Judgment-entry must show action of the court on demurrer.*—A demurrer to an indictment will not be considered by the appellate tribunal, when the action of the inferior court upon it is not shown in the judgment-entry.

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. JAMES Q. SMITH.

The grand jury of Autauga county, at the fall term, 1877, of its Circuit Court, presented this indictment:

"The State of Alabama, Autauga county. The grand jury of the said county charge that before the finding of this indictment, one Merritt, whose christian name to the grand jury is unknown, did engage in, or carry on the business of selling sewing machines after the fifteenth day of January, 1877, for carrying on of which said business a license was, and is by law required to be taken out, without first having paid for and taken out such license, against the peace and dignity of the State of Alabama."

The defendant demurred to the indictment, and assigned the following causes of demurrer: "*First,* the indictment does not allege that the defendant was either a sewing machine company, or the agent of a sewing machine company. *Second,* the indictment does not sufficiently inform the defendant as to the want of which of the two licenses required of sewing machine companies, he is charged. *Third,* the indictment does not conform to the statute either in substance or in form." The action of the court upon it is not shown by the judgment-entry, but the bill of exceptions states that the demurrer was overruled by the court. The defendant pleaded not guilty.

On the trial of the case, one witness introduced by the

[Merritt v. The State.]

State testified that he had seen the defendant, travelling in Autauga county, in a wagon like those used by sewing machine agents or peddlers, and that he had in it two or three sewing machines. Another witness said, "that within twelve months before the finding of the indictment, the defendant came to his house in Autauga county, and there sold him a sewing machine, for which he paid defendant in cash." On cross-examination, he said that he saw the defendant last summer in the city of Selma, and that he tried to exchange a sewing machine for a yoke of oxen which the witness had in Selma. No trade was made, but he invited the defendant to come to his house in five or six weeks, for that purpose. At the appointed time the defendant went to the house of the witness, in Autauga county, and carried with him a sewing machine, which the witness purchased. This was all the evidence in the case. The defendant asked the court to give the following charges, in writing, to the jury :

" 1. The jury, before they can render a verdict of guilty, should be satisfied, beyond a reasonable doubt, that the defendant engaged in, or carried on the business of a sewing machine company and sold machines, in Autauga county, without license.

" 2. The mere proof that the defendant sold one, two or three sewing machines, is not sufficient to warrant a conviction for engaging in, or carrying on the business of selling sewing machines."

The court refused to give these charges, and to such refusal the defendant excepted.

WM. C. WARD, for the appellant.—1. Revenue laws being in their nature highly penal, must be strictly construed. Cooley on Vox. pp. 200-8 and 262; Darr. on Statt. 742-9.

2. The indictment must aver all the facts necessary to show that the defendant was of the class intended to be punished by the statute.—1 Cranch. C. C. 593. When the act describes the nature of the offence, it is necessary to use the particular words of the statute.—40 Ala. 44; 53 Ala. 481–488; 2 Stew. 11. The indictment framed under the statute must contain all the ingredients of the offence.—17 Ala. 181; 19 Ala. 586; 21 Ala. 218; 42 Maine 76.

3. The gist of the offence is to be a sewing machine company doing business without a license, and it is doubtful whether an agent under the statute can be indicted. Hence proper allegations ought to bring the accused within the purview of the statute.—36 N. H. 359; 17 Wis. 26; 50 Ala. 127;

[Merritt v. The State.]

52 Ala. 19. Here the indictment is broader than the statute, and cannot be aided by intendment.—3 Stew. 123–4. Indictments for statutory crimes must conform strictly to statute, or employ other words fully as descriptive of the offence, or of equivalent import.—12 Ala. 732 ; 13 Ala. 413 ; 22 Ala. 9 ; 1 Bish. Crim. Prs. §§ 277, 285.

4. Is not the section of the revenue law under which defendant is indicted unconstitutional, because it makes distinctions between citizens of this State and of other States ? Cooley Const. Lim. pp 391-393. It must not be forgotten that the statute is aimed at sewing machine companies. Hence the rule laid down in *Ellsberry v. State* (52 Ala. 8), does not apply to this case. The charges should have been given.—52 Ala. 19 ; 50 Ala. 127 ; 16 Ala. 411.

JOHN W. A. SANFORD, Attorney-General, *contra*.

STONE, J.—Section 490 of the Code of 1876 declares, that, " It shall not be lawful for any person, firm, company or corporation to engage in, or carry on any business or profession hereinafter mentioned, without first having paid for and taken out a license therefor." Among the occupations thereinafter mentioned, and coming within the influence of said section, is the following : " For each sewing machine company, selling sewing machines by themselves or agents, one hundred dollars, as a State tax."—Code of 1876, § 494, subd. 17. To come within these two sections, it is manifest that the person charged must have engaged in the business of selling sewing machines, and that such person or persons were or was a person, firm, company or corporation, or some member or agent of such firm, company or corporation, engaged as such in, or carrying on the business of selling sewing machines. In other words, the business must be engaged in, or carried on, and by some person, firm, company or corporation, or an agent of such ; and the offence is not made out, unless there is a selling of sewing machines by the sewing machine company, or their agent. The indictment, to be sufficient, must charge that the offender or offenders did engage in or carry on the business of selling, and did sell sewing machines, without first having paid for, and taken out a license therefor, &c., and that at the time he (or they) engaged in, or carried on the business of selling, and did sell such sewing machines, he or they were members of the said sewing machine company, (or were agents of the said sewing machine company, and selling as such agents, as the

[Heygood v. The State.]

facts may require). This ruling may exact great particularity, and much difficulty of proof; but such are the requirements of the statute. Only the persons composing sewing machine companies, and their agents, engaging in, or carrying on the business, are embraced in the statute. The indictment is totally defective, and the verdict should have been set aside, and the judgment arrested.—*Harris v. State*, 50 Ala. 127, and authorities.

We deem it unnecessary to particularly notice the charges requested, further than to say that if the other ingredients of the offence were proved, it would not necessarily follow that a sale of "two or three sewing machines is not sufficient to warrant a conviction for engaging in or carrying on the business of selling sewing machines." This is a question for the jury.

We have not considered the demurrer, because the ruling upon it is not shown in the judgment-entry.

Reversed and remanded. Let the defendant remain in custody until discharged by due course of law.