(84 South. 557)

RICE v. GARNETT. (8 Div. 679.)*

(Court of Appeals of Alabama. Oct. 21, 1919. Rehearing Denied Nov. 18, 1919.)

1. PLEDGES ☞44 — TENDER EXTINGUISHES LIEN.

A tender of the amount due extinguishes the lien of a pledge.

2. CHATTEL MORTGAGES ☞172(3) — TENDER, TO BE AVAILING, MUST BE KEPT GOOD.

In case of a chattel mortgage to entitle the mortgagor to recover the chattel in detinue, a tender of the amount due must not only be made, but it must be kept good.

3. CHATTEL MORTGAGES ☞8 — "PLEDGE" DISTINGUISHED FROM "CHATTEL MORTGAGE."

The necessary elements to constitute a contract one of "pledge" are: Possession of the pledged property must pass from the pledgor to the pledgee; the legal title to the property must remain in the pledgor; and the pledgee must have a lien on the property for the payment of a debt or the performance of an obligation due him by the pledgor or some other person—while, in a "chattel mortgage," the legal title passes to the mortgagee subject to a defeasance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage; Pledge.]

4. CHATTEL MORTGAGES ☞8—WHERE TITLE PASSES, TRANSACTION IS MORTGAGE INSTEAD OF PLEDGE.

Where a transaction operated to pass title to the lender, subject to the right of the borrower to reacquire, it was a chattel mortgage instead of a pledge.

5. CHATTEL MORTGAGES ☞73 — CHATTEL MORTGAGE INVALID FOR FAILURE TO COMPLY WITH STATUTE AS TO REQUISITES OF INSTRUMENT SECURING LOAN.

Under Acts 1900–01, p. 2685, § 1, applicable to particular counties, and declaring that all persons engaged in the business of money brokers, or loaning money and taking security therefor by bills of sale, mortgages on, or liens of any kind on personal property shall, when any such loan is made, express in the instrument securing such loan the rate of interest, etc., a chattel mortgage, whereby the borrower, who received $20 and delivered a diamond ring to the lender, executed a bill of sale, declaring that the ring was sold and might be bought back within 30 days after date for $23.50, is invalid; there being no attempt to comply with the statute.

6. CHATTEL MORTGAGES ☞73 — PAWNBROKERS AND MONEY LENDERS ☞3—CHATTEL MORTGAGEE HELD ENGAGED IN THE BUSINESS OF "MONEY LENDING."

To be engaged in the business of money lending within Acts 1900–01, p. 2685, requiring stated formalities on the part of money lenders in specified counties, it is not necessary that it should be the lender's principal occupation, and hence, where defendant had made several similar loans, he will be deemed engaged in the business of money lending, and a chattel mortgage, where not in compliance with the statute, is invalid.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Detinue by Ophelia Rice against W. W. Garnett, to recover a diamond ring. Judgment for defendant, and plaintiff appealed. Reversed and remanded.

Wert & Hutson and S. A. Lynne, all of Decatur, for appellant.

Counsel rely on following authorities: Section 5295, Code 1907; 22 A. & E. Ency. Law, 852; 31 Cyc. 787; 103 Ala. 150, 15 South. 527; 83 Ala. 357, 3 South. 369; 69 Ala. 369; 21 Ala. 322; 25 Md. 424; 53 N. Y. 19; 114 Minn. 1, 130 N. W. 250, Ann Cas. 1912B, 957.

E. W. Godbey, of Decatur, for appellee.

No brief reached the Reporter.

SAMFORD, J. Plaintiff borrowed from defendant $20 and as security for its repayment within 30 days delivered to defendant one diamond ring, together with a writing in the following words:

"Decatur, Ala., 3/23/1917.
"I this day sell to W. W. Garnett one diamond ring for $23.50. Can be bought back in thirty days. [Signed] Ophelia Rice."

Within the 30 days plaintiff made tender of the amount due, and demanded the return of the ring. The defendant refused to accept

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 204 Ala. 698, 85 South. 921.

the tender, and refused to deliver the ring. The court gave, at the request of defendant, the general charge.

[1, 2] It is insisted, for appellant, that the transaction was a pledge, and that therefore, a tender of the amount due extinguished the lien, and, if it was a pledge, the lien would have been extinguished and the plaintiff entitled to a recovery. 21 R. C. L. 680, and authorities there cited. On the other hand, if the ring was mortgaged, then in order for the plaintiff to be entitled to recover, her tender must have kept good to the date of trial. Frank v. Pickens, 69 Ala. 369. This she did not do.

[3, 4] It is sometimes difficult to determine whether a contract is a pledge or a chattel mortgage, especially so where the property mortgaged or pledged is delivered to the lender. Mr. Justice Mayfield, in 7 Mayf. Dig. p. 725, has collated, with approval, the various definitions constituting a pledge, i. e., "a transfer of personal property as a security for a debt or other obligation; or, a bailment of·personal property by a debtor to his creditor to be kept by him until his debt is discharged. The three elements necessary to constitute a contract one of pledge are: (1) The possession of the pledged property must pass from the pledgor to the pledgee, or some one for him; (2) the legal title to the pledged property must remain in the pledgor; (3) the pledgee must have a lien on the property or the payment of a debt or the performance of an obligation due him by the pledgor or some other person," while in a chattel mortgage the legal title is in the mortgagee, subject to a defeasance by the payment of the mortgage debt. In this case, the legal title was transferred to the defendant, and was therefore a chattel mortgage, and to be entitled to the possession of the property the amount due defendant must not only have been tendered as testified to, but the tender must be kept good as in other cases of tender. Frank v. Pickens, supra.

[5, 6] Notwithstanding this, the appellant says the trial court erred in giving the affirmative charge for defendant, because the instrument introduced in evidence by the defendant to show his title to the property sued for is void, as being in contravention of an act of the General Assembly of Alabama applicable to Morgan, Jefferson, Walker, and Etowah counties (Acts 1900–01, p. 2685), which provides:

"Section 1. Be it enacted by the General Assembly of Alabama, that all persons engaged in the business of money brokers, or loaning money and taking security therefor by bills of sale, mortgages on or conveyances or liens of any kind on personal property, personal effects or other personal security in Jefferson, Morgan, Walker and Etowah counties, shall when any such loan is made express in the instrument securing such loan the rate of interest at which said loan is made, the date of said loan, the fact that said instrument is taken for a loan of money, a minute description of said property securing the loan, and if household goods, from whom purchased, the date when said loan is due and shall within five days thereof file the said instrument for record in the office of the judge of probate of the county in which the property or instrument securing the loan is situated, who shall record the same and who shall be allowed the fees now allowed by law for recording deeds and when so filed and recorded said instrument shall be notice of said loan and when any payment is made on said loan, whether of principal or interest a receipt therefor shall be given the borrower or lender expressing the actual amount so paid and when a greater rate of interest than 12 per cent. per annum is charged or reserved on said loan and the payments made thereon amount to as much as the principal sum loaned, together with eight per cent. per annum, it shall be unlawful to enforce or attempt to enforce the security taken for said loan and said security shall be deemed discharged by said payments, and this section shall apply to any renewal of such loan or security as though such renewal had not been made."

It is further provided by said act that contracts made for the loan of money in violation of the act shall be void. If, therefore, the defendant was engaged in the business of a money broker, or lending money and taking security therefor by bills of sale, mortgages, or conveyances, or liens of any kind on personal property and failed to comply with the statute above referred to, his bill of sale would be void, and the plaintiff would be entitled to recover. There is no contention that the bill of sale even approximates a compliance with the statute. The question then remaining is: Was the defendant engaged in the business defined by section 1 of the act? To engage in a business, within the meaning of this act, is to pursue the occupation as a livelihood or as a source of profit, but it is not necessary that it should have been the defendant's sole occupation. It appearing that the defendant was engaged in business, and at least on two or more occasions had loaned money on security of.this kind and in the same manner, there was evidence sufficient to make this a question for the jury. Abel v. State, 90 Ala. 631, 8 South. 760; Merritt v. State, 59 Ala. 46. For this reason the affirmative charge should not have been given.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.