(88 South. 351)

**CITY OF ANNISTON v. JEWEL TEA CO.**
(7 Div. 590.)

(Court of Appeals of Alabama. Jan. 13, 1920. Rehearing Denied June 1, 1920.) .

**1. Evidence ☞93—Rule as to burden of proving negative averment stated.**

Generally, he who affirms must prove, and one is not required to prove a negative; but, when the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party.

**2. Licenses ☞32(2)—Defendant sued for license had burden of proving that it had obtained one.**

In city's action to collect a license tax, proof that defendant was engaged in a business that needed a license required the defendant to prove that he had obtained and paid for such license, notwithstanding city's allegation that the defendant had not obtained and paid therefor.

**3. Hawkers and peddlers ☞3(7) — Foreign corporation engaged in sale of merchandise to retail trade held not required to pay license tax as a "peddler."**

Where employé of foreign corporation engaged in the sale of tea and other merchandise to the retail trade, with no distributing point in the state, divided the city into twelve routes, visited each customer on each route every two weeks and solicited orders for future delivery, sent orders to nearest distributing point, and delivered merchandise and made collection upon receipt of goods from such distributing point, the corporation was not required to pay a license tax for doing business as a peddler with a one-horse wagon.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Peddler.]

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by the City of Anniston against the Jewel Tea Company to collect a license tax for doing business as a peddler in a one-horse wagon. Judgment for defendant, and plaintiff appeals. Affirmed.

The evidence tended to show that the Jewel Tea Company was a corporation organized under the laws of the state of New York with its principal place of business in Chicago, Ill., and with distributing points in various parts of the country but none in the state of Alabama; that J. E. Robinson was employed by the tea company to solicit orders in the city of Anniston, and in the course of the performance of such duty divided the said city of Anniston into 12 routes, and each customer on each route was visited every two weeks and orders solicited for future delivery. The orders were verbally given, were then written down by Robinson in a book, belonging to the Jewel Tea Company, a copy of which was sent to the nearest distributing point, and the orders were shipped to Robinson in bulk and by him separately delivered to each customer and collection made at the time of delivery. Samples were shown, and also a list of special merchandise or premiums at the time orders were solicited, but neither the samples nor the special merchandise were sold. The cartons or crates were shipped to Anniston to the Jewel Tea Company, were received by its agent Robinson, were opened and checked to see that the individual packages corresponded with the orders previously given, and were placed in the wagon owned by the Jewel Tea Company and delivered to the individual customers by the agent of the Jewel Tea Company in sealed packages. The city introduced a license schedule, section 197 of which provided that each person engaging as a peddler, with a one-horse wagon, should take out a license before engaging in such business; the license to cost $75 per annum, with a 50 cent fee for issuing.

S. W. Tate, of Anniston, for appellant.

Under the facts in this case the Jewel Tea Company came under the license and was

not affected by interstate commerce. 87 Ala. 144, 6 South. 393; 78 South. 419. It was necessary to show that the defendant had not paid for and taken out the license. 58 Ala. 66; 83 Ala. 84, 3 South. 711; 25 Cyc. 673.

Nesbit & Sadler, of Birmingham, for appellee.

The defendant was engaged in interstate commerce and protected as such. 232 U. S. 665, 34 Sup. Ct. 476, 58 L. Ed. 786; 232 U. S. 697, 34 Sup. Ct. 468, 58 L. Ed. 802; 227 U. S. 389, 33 Sup. Ct. 294, 57 L. Ed. 565; 218 U. S. 124, 30 Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264; 217 Fed. 965, 133 C. C. A. 637; 10 Ala. App. 605, 65 South. 710; 153 Ala. 675, 45 South. 294; 61 South. 901; 177 Ala. 212, 59 South. 296. The defendant was not a peddler. 85 Minn. 290, 88 N. W. 984, 89 Am. St. Rep. 554; 123 Ala. 94, 26 South. 323; 93 Ala. 78, 8 South. 868.

MERRITT, J. This is a suit by the city of Anniston against the Jewel Tea Company, a corporation, to collect a license tax from the defendant for doing business as a peddler with a one-horse wagon in the city of Anniston during the years 1917 and 1918; said license being for $75 each year and 50 cents for issuing the same.

The plaintiff introduced in evidence the license ordinance for the said city for the years 1917 and 1918, giving the city the right to collect from each person, firm or corporation engaged as a peddler in said city with a one-horse wagon a license of $75 per annum and a 50 cent fee for issuing the same.

There was evidence showing the nature, character, and manner of the business engaged in by the defendant, and the judge trying the case without a jury rendered judgment in favor of the defendant.

The facts in the case of Johnston v. State, 78 South. 419,[1] are differentiated from the facts in the instant case, in that in the Johnston Case there was room for the inference that the defendant was engaged in doing business in Alabama and the method used a subterfuge to evade the revenue laws of the state, while the facts in the case at bar, by the undisputed evidence, show orders taken for merchandise, sent to another state, and the identical purchases delivered to the purchaser on contracts or purchase binding on each party. The facts, therefore, bring this case well within the principles involved in the case of Dozier v. State, 218 U. S. 124, 30 Sup. Ct. 649, 54 L. Ed. 965, 28 L. R. A. (N. S.) 264. The business transacted being therefore interstate commerce the court did not err in rendering a judgment in favor of the defendant.

[1-3] The general rule is that he who af- firms must prove, and that one is not required to prove a negative. An exception to this rule, however, is that when the subject-matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party. Such is the rule in civil and criminal prosecutions for the doing of an act which the statutes do not permit to be done by any person except those who are duly licensed therefor. While it is true that the instant case is a civil proceeding and the allegation in the complaint is that the defendant had not obtained and paid for a license, yet when it was shown, as was done, that the defendant was engaged in a business that required a license, it was a matter of defense for the defendant to show that he had obtained and paid for such license. Bibb v. State, 83 Ala. 84. 3 South. 711; Ex parte Oliver, 21 S. C. 318, 53 Am. Rep. 681. But, under the facts in this case, the defendant was not required to have a license, and therefore this question is not of moment.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

On Rehearing.

The original opinion in this case is withdrawn, the foregoing opinion substituted, application of appellee for rehearing granted, former judgment of reversal set aside, and the judgment of the lower court is affirmed.