(117 So. 7)

### DERBY v. BELL. (2 Div. 387.)

Court of Appeals of Alabama. March 27, 1928.

Rehearing Denied April 17, 1928.

Thos. F. Seale, of Livingston, for appellant.

Patton & Patton, of Carrollton, for appellee.

RICE, J. Appellee was the owner of a negotiable promissory note, executed by appellant, and payable on the 1st day of January, 1924, at the Merchants' Bank & Trust Company of Tuscaloosa, Ala. The note was not presented at the time and place of its payment, when and where appellant had

funds on deposit to pay same, with instructions to said bank to pay it when presented. Upon appellee's agent and attorney demanding payment of the amount of the note, plus interest to date of demand and attorney's fees for collection, at another place, and at a date later than the date of maturity of the note, appellant offered to pay the amount of the face of the note, with interest to January 1, 1924, but no more. This offer was refused; whereupon appellant withdrew from the Merchants' Bank & Trust Company of Tuscaloosa the funds which had been left there, and made no further offer or tender. Suit was brought by appellee upon the note, which resulted, in a trial before the judge without a jury, in a judgment in appellee's favor for the full amount of the note, plus interest to the day of trial and an amount (which was agreed upon, only as being reasonable in the event of recovery, between the parties) for attorney's fees for collection of the note. The defendant in judgment brings this appeal.

■ An examination of the cases which have dealt with the question raised by pleadings and evidence in this case leads us to the conclusion that appellant's plea of tender, in order for it to have prevailed, would have had to allege that he "had funds at the time and place to meet the demand, and had kept the money ready at all times, and now brings it into court." K. C., M. & B. R. R. Co. v. Cobb, 100 Ala. 228, 13 So. 938.

■■ Having the money on hand at the Merchants' Bank & Trust Company on January 1, 1924, with which to pay the note and interest to that date, was sufficient as a tender, at that time and place. Code 1923, § 9096. The statement of appellee's agent and attorney, at a later time and at another place, that appellee would not accept the amount of the note with interest to January 1, 1924, operated to excuse appellant from actually tendering the money. Root v. Johnson, 99 Ala. 90, 10 So. 293. But the failure of appellant to bring the amount of his tender into court robbed him of whatever advantage he had gained prior to the time of suit. Frank v. Pickens, 69 Ala. 369; Rice v. Garnett, 17 Ala. App. 239, 84 So. 557.

It results that the judgment rendered by the trial court should be, and is, affirmed.

Affirmed.