STEVENS *v*. GROSSMAN ET AL.

[No. 15,093.   Filed May 29, 1935.]

418

*Walter G. Todd,* for appellant.

*Harold F. Kealing,* for appellee.

KIME, J.—Clara Stevens, lessee of certain real estate, entered into a contract with the Community Building and Remodeling Company for the construction of a garage thereon. The contract in part reads as follows:

"The undersigned, called the owners, hereby request Community Building & Remodeling Company, called the contractor, to furnish all labor and material necessary to 18′ x 18′ garage on the premises located at 708 N. Luett Street, City of Indianapolis, State of Indiana, Res. Phone No. Phone, Bus. Phone, in a neat and workmanlike manner, and according to the following specifications:

SPECIFICATIONS.

1—18′ x 18′ Standard Garage..............$245.00
   cc                                 58.80

Contractor will do all said work in a neat workmanlike manner. Owners agree to obtain and pay for all building and other permits necessary. Owners agree to pay for above work, complete as specified, the sum of three hundred and three and 80/100 dollars ($303.80) as follows: None dollars on date of this contract. None dollars on delivery of material. None dollars on completion, and the balance of three hundred and three and .80/100 dollars ($303.80) to be paid in twenty-four (24) consecutive monthly installments as follows: Five dollars on the 1st day of May, 1930, after date, and $5.00 for five months, $7.50 for the following 6 months, and $12.50 for the following 11 months and the 24th payment of $91.30."

This appeal arose on the judgment for plaintiff (asignee of all sums of money due under said contract

and all rights existing under the mechanic's lien hereinafter mentioned) on a second amended paragraph of complaint to foreclose the lien predicated upon the materials furnished and labor performed in the erection and construction of said garage. To this complaint was filed an answer in four paragraphs, first, a general denial, and three paragraphs setting up affirmative matter, to which three paragraphs a reply in general denial was filed, closing the issues. All the evidence was stipulated and as to the contract the following was stipulated: "The defendant, Clara Stevens, agrees that the contract was entered into, but she, in the stipulation, objects to its introduction as a matter of law, the same showing on its face that it is in violation of law, and further, that the contract price for the construction of the garage was, as shown by the contract, two hundred forty-five dollars ($245.00) plus an additional charge of fifty-eight dollars eighty cents ($58.80) designated as CC or carrying charge." The court overruled appellant's objection to the introduction of said contract, when offered in evidence, which objection was made "for the reason that said exhibit shows on its face that it is drawn and executed in violation of statute." After hearing arguments of counsel the court entered a judgment against Clara Stevens and her interest in said real estate.

Appellant's motion for a new trial properly set forth as grounds therefor that the finding and decision of the court was contrary to law and that the court erred in admitting in evidence the above mentioned contract over the objection of the appellant. The error assigned on appeal is the overruling of said motion.

Appellant insists that the $245.00 mentioned in the contract is in reality a loan and that the $58.80 CC or carrying charge is interest thereon in excess of 8% and since neither appellee, George Grossman, nor his assignor, had a license, as provided by

statute, to make small loans less than $300.00 at a greater interest rate than 8%, this contract is void. The title to Chapter 125, Acts 1917, page 401, being §§9777 to 9780, Burns 1926, being §§18-3001 to 18-3004, Burns 1933, and §§10465 to 10468, Baldwin's 1934, reads as follows: "An Act to license and regulate *the business of making loans* in the sum of three hundred ($300.00) dollars or less, secured or unsecured, at a greater rate of interest than 8% per annum, prescribing the rate of interest therefor, prescribing penalties for the violation thereof, and repealing all laws in conflict therewith." (Our italics.) The title clearly shows that this act regulates only *the business of making loans*. (Our italics.) There is nothing in the stipulated facts to indicate that appellee, George Grossman, or his assignor, were in the business of making loans, to the contrary it clearly shows that his assignor was in the contracting business and made no loans whatsoever. Since appellee, George Grossman, or his assignor, were not in the business of making loans it is not necessary for him or them to have a license nor are their acts in the instant case governed by this act.

The next question before us is whether or not the $58.80 carrying charge was in reality usurious interest or is it a part of the contract price for work and labor done and material furnished because of the extension of time. The record does not show that there was a loan of money by appellee, George Grossman, or his assignor, but that this so-called carrying charge was added to the cash price of $245.00, as shown by the contract, apparently for the privilege of paying the contract price in installments. "The law is well settled that usury can only attach to a loan of money, or to the forbearance of a debt, and that, on a contract to secure the price or value of work and labor done, or to be done, or of property sold, the contracting

parties may agree upon one price if cash be paid, and upon as large an addition to the cash price as may suit themselves, if credit be given; and it is wholly immaterial whether the enhanced price be ascertained by the simple addition of a lumped sum to the cash price, or by a percentage thereon. In neither case is the transaction usurious. It is neither a loan nor the forbearance of a debt, but simply the contract price of work and labor done and property sold; and the difference between cash and credit in such cases, whether 6, 10, or 20 per cent must be left exclusively to the contract of the parties, and no amount of difference fairly agreed upon can be considered illegal." *Davidson et al.* v. *Davis* (1910), 59 Fla. 476, 52 So. 139, 28 L. R. A. 104. See also *In Re Biddy* (1925), 9 Fed. (2d) 944; and *Graeme* v. *Adams* (1873), 23 Gratt. (Va.) 225, which latter case says, "It is confounding subjects and terms wholly dissimilar and distinct, to treat such contracts as usurious, as coming within the definition either of a loan of money or other things, or the forbearance of a debt." See also *Newkirk* v. *Burson* (1867), 28 Ind. 435, which quotes with approval from the case of *Hogg* v. *Ruffner* (1861), 66 U. S. Rep. 115, 17 Law. Ed. 38, as follows: "To constitute usury, there must either be a loan and the taking of usurious interest, or the taking of more than legal interest for the forbearance of a debt or sum of money due. . . . But it is manifest that if A proposes to sell to B a tract of land for $10,000 in cash, or for $20,000 payable in ten annual installments, and if B prefers to pay the larger sum to gain time, the contract cannot be called usurious. A vendor may prefer $100 in hand, to double that sum in expectancy, and a purchaser may prefer the greater price with the longer credit; and one who will not distinguish between things that differ, may say, with apparent truth, that

B pays a hundred per cent for forbearance, and may assert that such a contract is usurious; but whatever truth there may be in the premises, the conclusion is manifestly erroneous. Such a contract has none of the characteristics of usury; it is not for the loan of money or forbearance of a debt."

From the foregoing it readily can be seen that the contract herein is valid and enforceable as in making a contract for work and labor done, or for the sale of property, the parties may agree upon one price, if cash be paid, and upon as large an addition thereto as may suit them in the event credit is given.

Appellant's objection to the introduction of the contract was that it was drawn and executed in violation of statute. Since we have held that the contract is valid, enforceable, and not executed in violation of statute the court did not err in admitting it in evidence. Therefore we hold that the decision of the court is not contrary to law.

Finding no reversible error the judgment of the Marion Superior Court is in all things affirmed.