## PORTER v. STOLKIN.

[No. 15,187. Filed February 19, 1936.]

*Walter G. Todd,* for appellant.

*Bess Robbins,* for appellee.

WOOD, J.—This is an action in replevin instituted by the appellee as assignee of a written conditional sales contract, against the appellant for possession of an automobile truck. The complaint contained the usual allegations of complaints in replevin actions. Appellant filed an answer in two paragraphs, the first was a general denial, the second alleged affirmative matter on the theory of confession and avoidance, that is, he admitted entering into the conditional sales contract for the purchase of the truck with Cohn Brothers Auto Co., which company later assigned said contract and title to the truck to the appellee, but he alleged that said conditional sales contract was void, for by its terms it was nothing more or less than a contract for the loan of money which was controlled by the Small Loan Act. Acts 1917, p. 401, because the rate of interest provided for, charged and collected under the contract exceeded the rate permitted under said act, and because Cohn Brothers Auto Co. was not a licensee under said act, which facts were known to appellee when it accepted the assignment of the contract. Appellee filed a reply in general denial to this second paragraph of answer, closing the issues.

The cause was tried to the court without a jury, resulting in a general finding and judgment for appellee. Within due time appellant filed a motion for a new trial, which was overruled. This action of the court is the only error assigned for reversal. The only causes for a new trial not waived and requiring our consideration are, that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Briefly summarized, the facts are as follows: Appellant and one Cohn Brothers Auto Co. had negotiations for the purchase of an automobile truck by appellant from said Cohn Brothers Auto Co., the cash price of the truck was $375; appellant was not able to pay the entire purchase price in cash, so on December 29, 1931, appellant and Cohn Brothers Auto Co. entered into a written conditional sales contract by the terms of which appellant purchased the truck, making a down payment of $175, and agreeing to pay the additional sum of $249.84 in twelve monthly installments of $20.82, appellant to have possession and use of the truck, Cohn

Brothers Auto Co. retaining title thereto until the balance of the purchase price was fully paid, with the right upon default of appellant in performance of the conditions of the contract to repossess the truck. It was agreed that the contract together with title to the truck should be assigned by the Cohn Brothers Auto Co. to the appellee, to the making of which assignment the appellant consented, and agreed to waive notice of said assignment and to carry out all the terms of the sales contract with appellee. Pursuant to this provision the contract and title to the truck were assigned to appellee. Appellant defaulted on his contract and this action followed.

The late case of *Stevens* v. *Grossman* (1935), 100 Ind. App. 417, 196 N. E. 123, involved facts which for all practical purposes were very similar to those in this case. The same principles of law were involved and the same reasons for reversal urged as in the instant case. After a collection and examination of the authorities, this court held in that case that contracts falling within the class here under consideration did not come within and were not controlled by the provisions of the Small Loan Act, *supra*. The extending of this opinion for the purpose of again discussing and applying the rules announced by the authorities to the facts in this case is not necessary.

Upon the authority of *Stevens* v. *Grossman* this case is affirmed.