ROBROCK v. DITZLER.

[No. 16,991. Filed March 13, 1943. Rehearing denied April 30, 1943.]

*William D. Hamer* and *Claude Cline*, both of Huntington, for appellant.

*Knowlton H. Kelsey*, of Huntington, for appellee.

FLANAGAN, P. J.—The sole question presented by this appeal is the correctness of the ruling of the trial court in sustaining appellee's demurrer to appellant's amended complaint.

The substance of the essential facts as alleged in the complaint is as follows:

On July 20, 1936, appellee agreed orally to sell a certain gasoline filling station, the equipment connected with it and the real estate on which it was located to appellant for $25,000. On July 21, 1936, the parties

executed a written contract which provided that appellant should pay $600 per month as rent as long as he should occupy the property and if he should occupy the property until he had paid a total of $31,800 he should receive a deed to it. The contract further provided that appellant should have thirty days to make up any default, or appellee could waive any default after which the interest should be computed at eight per cent per annum. There was no requirement that appellant remain in possession for any specified length of time and no requirement that appellant pay any part of the $31,800 other than the sum of $600 for each month he should remain in possession.

Appellant took possession under the written contract, continued in possession, and paid the sum of $600 per month until October, 1938, when he defaulted the payment due on the first day of that month. He also defaulted the payment due November 1, 1938.

On November 19, 1938, the parties entered into a written agreement which was termed "Addenda and Alteration of Contract." This agreement, after referring to the original contract, provides as follows:

"In Consideration of $17,943.50 being the balance due under the original contract, plus deferred interest on deferred payments, plus $310.00 rent due Ray L. Ditzler, first party agrees to grant thirty days grace from December 15, 1938 and lower the monthly payments beginning December 15, 1938 to $400.00 per month, which second party has agreed to pay in 44 monthly installments beginning December 15, 1938 of $400.00 each and a final payment of $343.50.

"All other conditions of the original contract to remain the same as originally drawn."

The sum of $310 referred to in the above agreement was owing by appellant to appellee for rental of real estate other than that herein involved.

After executing the 1938 agreement appellant paid the monthly installments of $400 for 33 months and then on September 20, 1941, tendered appellee an additional $400 and demanded a deed. The tender was refused, appellee contending that appellant must pay $4,743.50 under the contract before he would be entitled to a deed. In order to obtain the deed, appellant paid appellee the sum of $4,370 on October 10, 1941, and seeks in this action to recover back that amount.

Appellant says that the sum of $31,800 mentioned in the original written contract was computed by adding to the sum of $25,000, the price orally agreed upon for the property, "$6,800 interest for appellee's forbearance of a cash payment;" that $6,800 is more than eight per cent and was therefore in violation of § 19-2001, Burns' 1933, § 9993, Baldwin's 1934, and was usurious.

Next appellant calls attention to the fact that before the second written agreement was executed he had paid $15,600, which amount deducted from the original $31,800 would leave a balance of $16,200; that the second written agreement fixed the balance at $17,633.50; that the difference consisted of interest on deferred payments, which exceeded eight per cent, and was in violation of § 19-2001, Burns' 1933, *supra*, and was usurious.

Section 19-2001, Burns' 1933, *supra*, provides that individuals, excepting corporations, may contract by agreement in writing to pay any rate of interest not in excess of eight per cent per annum on "loans or forbearance of money, goods, or things in action. . . ."

Nothing is said regarding interest in either of the written agreements except what we have hereinabove quoted. Assuming therefore that appellant is correct in his contention, which is alleged in the amended complaint, that interest at more than eight per cent entered into the amounts of $31,800 and $17,633.50 mentioned

in the respective written agreements, the question is whether we have involved "interest on a loan or forbearance of money, goods, or things in action."

The oral agreement of appellee to sell the involved real estate to appellant for $25,000 being within the inhibition of the Statute of Frauds, § 33-101, Burns' 1933, § 8363, Baldwin's 1934, and nothing having been done to take it out of such inhibition, it bound no one.

The original written contract was in the nature of a lease with option to purchase. If, in their preliminary negotiations, the parties arrived at a price which the appellant was willing to give, and appellee was willing to accept, the items which went into their calculations are not material. Appellee had a right to ask one price for cash and another for credit. He could fix a stated sum for cash and a higher stated sum for sale on credit; and he could reach the higher total by adding whatever per cent per year he desired to the price for which he was willing to sell for cash. He was not charging interest on a loan. No loan was involved. He was not charging interest on a "forbearance of money, goods or things in action." He was merely calculating the price for which he was willing to sell on credit. See *Newkirk* v. *Burson* (1867), 28 Ind. 435; *Stevens* v. *Grossman* (1935), 100 Ind. App. 417, 196 N. E. 123.

It is to be remembered that the original written contract did not obligate appellant to buy or to pay the amount of $31,800 which would entitle him to a deed. No indebtedness was created other than for the monthly rental during actual occupancy. Therefore when the second written contract was executed it was not a case of charging interest for the extension of an indebtedness created under a valid and

legal sale of the property. The original written contract was in default and appellee calculated the amount for which he was willing to restore appellant's option to purchase and the terms upon which he was willing to rent for a decreased monthly amount. The amount which made up the difference between what would have been required to obtain a deed under the defaulted contract and the amount required under the contract as altered was a proper consideration for the alteration.

We find no usury involved and that the demurrer was properly sustained.

Judgment affirmed.

NOTE.—Reported in 47 N. E. (2d) 163.