SNYDER *v.* HEINRICHS

[No. 17,252. Filed June 15, 1944. Rehearing denied September 26, 1944. Transfer denied November 9, 1944.]

*Lester C. Morris,* of Indianapolis, for appellant.

*Kroger & Gardis* (*R. McDonald Kroger,* of counsel), of Indianapolis, for appellee.

CRUMPACKER, J.—This is a suit on a promissory note in the sum of $200 bearing interest at. the rate of 24 per cent per annum executed by the appellant to the appellee on April 1, 1941, and payable in six months. Judgment was for the appellee in the principal amount of the note without interest. The complaint does not allege nor is there any evidence tending to show that, at the time said note was executed, the appellee was the holder of a license under the provisions of the Small Loan Act, §§ 18-3001 to 18-3004, Burns' 1933, §§ 10465 to 10468, Baldwin's 1934, and therefore authorized to charge interest in excess of eight per cent per annum on any obligation for the payment of money. This being so the appellant contends that his demurrer to the appellee's complaint should have been sustained and his motion for a new trial, which challenges the legality of the decision and the sufficiency of the facts to sustain it, should have been granted. This argument is predicated upon the assumption (1) that the transaction

in controversy is within the purview of the Small Loan Act, and (2) that when the law fixes certain requirements as conditions precedent to the right to do certain things, a person seeking recovery must aver and prove such facts as show performance of said conditions. We do not reach the second question.

The provision of the Small Loan Act upon which the appellee relies is as follows: "Except as otherwise authorized by this act and unless and until a license shall have been obtained as in this act provided no person, copartnership or corporation shall engage in the business of making loans of money, credit, goods, or things in action in the amount or of the value of three hundred dollars ($300) or less and charge, contract for, or receive on any such loan a greater rate of interest or consideration therefor than the lender would be permitted by law to charge if he were not a licensee hereunder." § 18-3001, Burns' 1933, § 10465, Baldwin's 1934. The title of the act reads thus: "An. act to license and regulate the business of making loans in the sum of $300 or less, secured or unsecured, at a greater rate of interest than eight per cent per annum, prescribing the rate of interest therefor, prescribing penalties for the violation thereof, and repealing all laws in conflict therewith."

It is apparent that this act has application only to persons, firms or corporations *engaged in the business* of making loans of $300 or less. In *Vandalia R. Co*: v. *Stillwell* (1914), 181 Ind. 267, 291, 104 N. E. 289, we find the word "business" defined as "that which occupies the time, attention or labor, of men for the purposes of profit or improvement, as their principal concern." This definition is in accord with that universally adopted by the courts in construing statutes pertaining to

"business" and its regulation, or to persons "engaged in business" or "engaged in the business of," etc. The United States Circuit Court of Appeals in *Roseland* v. *Phister Mfg. Co.* (1942), 125 F. (2d) 417, 419, in commenting on the word "business" as used in the Clayton Act authorizing recovery of treble damages for injuries to business by combinations in restraint of trade, has this to say: "The word business . . . signifies ordinarily that which habitually busies or engages, the time, attention or labor, as a principal serious concern or interest. In a somewhat more truly economic, legal, and industrial sense, it includes that which occupies the time, attention, and labor of men for the purpose of livelihood or profit—persistent human efforts which have for their end pecuniary reward. It denotes 'the employment or occupation in which a person is engaged to procure a living. . . .' " That our own court has adopted this meaning of the word "business," as used in the very act now under consideration, is indicated by the following quotation from *Stevens* v. *Grossman* (1935), 100 Ind. App. 417, 420, 196 N. E. 123: "There is nothing in the stipulated facts to indicate that appellee, George Grossman, or his assignor, were in the business of making loans, to the contrary it clearly shows that his assignor was in the contracting business and made no loans whatsoever. Since appellee, George Grossman, or his assignor, were not in the business of making loans it is not necessary for him or them to have a license nor are their acts in the instant case governed by this act." In the case at bar there is nothing in the complaint to indicate that the appellee was engaged "in the business of making loans of money, credit, goods or things in action in the amount or of the value of three hundred dollars ($300) or less"

and, therefore, a failure to allege the possession of a license under the provisions of the Small Loan Act is not fatal to said complaint and the demurrer thereto was properly overruled.

The undisputed facts indicate that the appellee is a tavern keeper with a place of business at 1102 Fletcher Avenue, Indianapolis, of which he was the active manager and owner. On or about April 1, 1941, the appellant called at said tavern, where he was apparently well known, and said to the appellee that he was in need of $200 to close a real estate deal which he thought would be to his benefit, and the appellee offered to loan him the money. As the result of this conversation the note in suit was executed. There is some dispute as to why said note was made to bear 24 per cent interest but none as to the principal amount of the loan, which the appellant admits he asked for and got. There is evidence tending to prove that the appellee sometimes loaned money and on two occasions had accommodated the appellant's step-son in that respect, in each of which instances he had charged interest in excess of eight per cent. On these facts the appellant insists that the decision of the court is not sustained by sufficient evidence and is contrary to law because, he says, they show that the appellee was engaged in the business of making small loans at interest in excess of eight per cent and fail to show that he had qualified to do so under the requirements of the Small Loan Act. We cannot subscribe to this contention. Occasional isolated acts of loaning money to accommodate one's customers and friends do not constitute "engaging in the business" of loaning money as we have heretofore defined the term. The appellee's business was managing and operating a tavern through which he

apparently made and saved money which he occasionally saw fit to put out at interest. It can hardly be said that people who seek to keep money active, which has been saved in the course of their regular and usual business, profession or endeavor, are engaged in the business of loaning money. We, therefore, conclude that the facts fail to show a case falling within the purview of the Small Loan Act, and the appellee's failure to prove a compliance with its terms is of no consequence.

This controversy, we think, is governed by § 19-2004, Burns' 1933, § 9996, Baldwin's 1934, which reads as follows: "When a greater rate of interest than is hereby allowed shall be contracted for, the contract shall be void as to the usurious interest contracted for; and, if it appears that interest at a higher rate than eight (8) per cent has been, directly or indirectly, contracted for by an obligor other than a corporation, the excess of interest over six (6) per cent shall be deemed usurious and illegal, and, in an action on a contract affected by such usury, the excess over the legal interest may be recouped by the debtor, whenever it has been reserved or paid before the bringing of the suit."

The usurious interest called for by the terms of the note in suit does not prevent the collection of the principal amount thereof, *Lockwood, Administrator, v. Woods* (1891), 3 Ind. App. 258, 29 N. E. 569, and as the judgment appealed from is for such principal sum only, we have no difficulty in concluding that the decision of the court is sustained by the evidence and is according to law. The appellant admits he borrowed $200 from the appellee and the judgment does nothing more than require him to pay it back without

interest. No question of payment is involved and it is apparent that substantial justice has been done.

Judgment affirmed.

NOTE.—Reported in 55 N. E. (2d) 332.