57 So.2d 559

### STATE v. BRAGG.
#### 4 Div. 664.

Supreme Court of Alabama.

Dec. 21, 1951.

Rehearing Denied March 6, 1952.

J. C. Fleming, Elba, for petitioner.

Si Garrett, Atty. Gen., and H. Grady Tiller and Wm. H. Burton, Jr., Asst. Attys. Gen., opposed.

FOSTER, Justice.

This case is here on petition for certiorari to the Court of Appeals. It is a suit at law by the State against Dr. Bragg for the recovery of a sum provided by § 495, Title 51, Code, as a license tax. There was a jury and verdict for defendant. The State's motion for a new trial was overruled, and it appealed to the Court of Appeals. That court reversed the judgment of the trial court in an opinion holding that there was error in the failure of that court to grant the motion for a new trial, because "the great preponderance of the evidence leads to the inevitable conclusion that the appellee was engaged in the busi-

ness of making personal loans within the purview of" that statute. 57 So.2d 556.

That statute provided for the payment of a state license of $100 on "2. Each person engaging in business of lending money on salaries or making industrial or personal loans."

The issue involved was whether the defendant made "personal loans," and if so was he engaged in that business. We understand the opinion of the Court of Appeals to hold as a matter of law that the activities of defendant included making personal loans, and that the great preponderance of the evidence leads to the inevitable conclusion that he was engaged in that business during the period of time in question. The judgment was therefore reversed and the cause remanded for another trial.

The question of whether his activities were such as to declare that he was *engaged in the business* of making personal loans, assuming that he was making personal loans, was an inference of fact subject on review to the ordinary rules declared in Cobb v. Malone, 92 Ala. 630, 9 So. 738, cited by the Court of Appeals. When the Court of Appeals finds that the verdict was not sustained by the great preponderance of the evidence and holds that the motion for a new trial should have been granted for that reason, we cannot revise such holding on certiorari to this Court. Stallings v. State, 249 Ala. 1, 32 So.2d 233; Rainey v. State, 245 Ala. 458, 17 So.2d 687.

So that, we are not now concerned with the extent of the business activities of defendant, except as that may illustrate their nature to determine if it included the making of personal loans. But the question of whether the defendant's activities included making such loans is one of law for the determination of the Court of Appeals on review by appeal, and by this Court on certiorari, when the Court of Appeals sets out the substance of all the evidence on which to make the decision, and when such evidence is without conflict or conflicting inferences. Rainey v. State, supra. Such is the status of this application.

The Court of Appeals held as a matter of law, as we understand their opinion, that

at least a substantial part of the loans made were "personal" within the meaning of the statute, and set out the facts shown by the evidence on which that holding was predicated, which we will paraphrase. The defendant was a country doctor and had large farming and cattle raising interests. His farms were conducted by tenant farmers operating thirty-six plows. He made advances to his tenants and made loans secured by mortgages on personal property. He also made some loans to those who were not his tenants, and in connection with them he testified: "Those people live there close to my place, and it is just natural when they get in a little tight for extra money they would go down to see me; and I don't usually take up their time to ask what they are going to buy with it or what they are going to use it for, just so they put up the security." The opinion of the Court of Appeals does not show the use to be made of the money which he loaned, except possibly to his tenants.

The suit is a civil action against him alleging that he was engaged in the business of making personal loans. The burden was therefore upon the State to show that he was engaged in that business. City of Anniston v. Jewel Tea Co., 18 Ala. App. 4, 88 So. 351.

The question is controlled by an interpretation of § 495, Title 51, Code, not only of subsection 2 of it taken out of its setting. Subsection 1 imposes a license on those engaged in discounting or buying "conditional sales contracts, drafts, acceptances, notes or mortgages on personal property." Subsection 2 is as stated above. Subsection 3 provides for a license on those making loans on real estate mortgages, but exempting from its effect those who are residents of the State and lend trust funds or their own money on realty mortgages.

We think it would not be out of the range of fair interpretation to hold that the terms of the statute are directed rather at the use to be made of the funds loaned than to the security for the loan. We think that if the loan is made to secure funds for the personal use of the borrower or his family, it is a personal loan without regard to the nature of the security, excluding

16

loans on realty mortgages in this respect. If it is to raise money to be used in business or trade, agriculture, or possibly industry, it is not a personal loan. Industrial loans, as used in the statute, may have reference to methods akin in that respect to industrial insurance, 44 C.J.S., Insurance, § 20, page 480, but not meaning loans to be used to finance industry. But we are not here called upon to make a definite interpretation of that feature of the statute.

Our views would exclude from the statute those lenders who loan only for business or trade, or for agricultural or industrial purposes, unless they are secured by transfer of wages or are on the industrial plan, and would include only those who lend for the personal and family uses of the borrower without regard to whether the loan is secured by collateral, chattel mortgage, or personal indorsement, and would include those secured by transfer of wages or are on the industrial plan. We believe the legislature was more concerned with taxing lenders of money for personal uses than for business purposes.

The foregoing interpretation of the statute is not in harmony with the opinion of the Court of Appeals now under review. Their judgment is therefore reversed and the cause remanded to that court for further consideration.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.