Sullivan,
No. 6185.

BEATRICE E. CURRIER *v.* RICHARD TUCK.

January 31, 1972.

*Peter J. Loughlin* of New Hampshire Legal Assistance, by brief and orally, for the plaintiff.

*Frederic T. Greenhalge,* by brief and orally, for the defendant.

GRIFFITH, J. Petition to enjoin foreclosure of a real estate mortgage and to declare void a loan contract of the plaintiff with the defendant. Defendant's exceptions to the findings and rulings of the trial court were reserved and transferred by *Dunfey,* J.

On April 12, 1968, the plaintiff was visited by two men who stated they represented Imperial Installations, Inc., for the purpose of selling plaintiff an asbestos siding installation on her home. Although plaintiff informed the men she had no credit to finance such an installation they convinced her that she did and induced her to sign in blank a mortgage, note, and related instruments to finance the asbestos siding. The trial court found that her knowledge and intelligence was limited and that at the time of signing she knew neither the cost of the siding nor the amount of the loan.

Alan I. Alford testified that he was an attorney in the law firm of Alford & Tuck in Sudbury, Massachusetts and that a Mr. Walo and a Mr. Levine brought the papers signed by plaintiff to his office. Alford testified that the defendant

Richard Tuck was a client and younger brother of his partner Jerome Tuck. That in 1965, Richard Tuck had come into some money from his family which he deposited with Alford with full authority to Alford to invest it for him.

The trial court found that Attorney Alford completed the mortgage and note by filling in the name of the defendant and the amount and terms of the note. In May, after the installation of the asbestos siding, plaintiff was notified by Alford that her loan had been approved and the funds disbursed. The face amount of the loan was $2900.00. $1995.00 of this was paid to Imperial Installations, Inc., $256.00 to Alford & Tuck for legal fees and expenses, $126.92 for the May and June mortgage payments, First National Bank of Newport $363.47, and taxes $158.61.

The trial court found that the defendant was engaged in the business of making loans in this State in amounts of $5000 or less without the license required by RSA 399-A:2. The court further found that the interest charge of 18% was not disclosed to the plaintiff in violation of RSA 399-B:2. Finally the court found the two men from Imperial Installations, Inc., were agents of the defendant and that the entire transaction was unconscionable. The trial court ordered the transaction cancelled and permitted the defendant to retain $522.08 representing the taxes paid and the payment to the Newport Bank.

Defendant argues that the contract of loan was governed by the law of Massachusetts and that the evidence did not permit a finding that the defendant was engaged in the business of making loans in violation of RSA 399-A:2.

The loan contract here involved a mortgage on New Hampshire real estate executed in New Hampshire to finance operations carried out in New Hampshire. We have adopted the rule in contracts that "in the absence of an express choice of law validly made by the parties, the contract is to be governed, both as to validity and performance, by the law of the state with which the contract has its most significant relationship." *Consolidated Mut. Cas. Co.* v. *Radio Foods Co.,* 108 N.H. 494, 496, 240 A.2d 47, 49 (1968). Applying this rule the trial court properly did not treat the acceptance of the loan in Massachusetts as controlling and correctly ruled the loan

governed by New Hampshire law. *See* 11 Williston, Contracts *s.* 1292A (3d ed. W.H.E. Jaeger 1968); *Auten* v. *Auten,* 308 N.Y. 155, 124 N.E.2d 99 (1954).

RSA 399-A:2(I) provides: "No person shall, without first obtaining a license from the commissioner as hereinafter provided, engage in the business of making loans in amounts of five thousand dollars or less and contract for . . . any charges . . . greater than six per cent per annum."

Defendant argues that since Alford only admitted making the loan in question he cannot be found to have engaged in the business of making loans within the meaning of the statute. It has been held that an occasional isolated act of loaning money as an accommodation to a customer or friend is not engaging in the business of making loans under similar statutes. *Snyder* v. *Heinrichs,* 115 Ind. App. 129, 55 N.E.2d 332 (1944); Annot., 93 A.L.R.2d 90, *s.* 13 (1964). The evidence in this case does not require any such finding.

The testimony of Alford was characterized by the trial court as "guarded" and an example of this was his failure to deny other Tuck loans in New Hampshire. Instead he carefully testified that on the approximate date of the loan made here it was not his "normal practice" to make loans in New Hampshire. The evidence as a whole supported the trial court's ruling that the defendant did "engage in the business of making loans" in New Hampshire in violation of RSA 399-A:2(1).

Loans made in violation of earlier small loan statutes have been declared void and the collection of either interest or principal enjoined. *Burque* v. *Brodeur,* 85 N.H. 310, 158 A. 127 (1932). The statute in the present case specifically denies any recovery by the lender in violation of the act. "Any contract of loan in the making or collection of which any act shall have been done which violates paragraph I of this section shall be void and the lender shall have no right to collect, receive or retain any principal, interest or charges whatsoever." RSA 399-A:2(III). It follows that the defendant lender in this case may not collect the $1995.00 siding installation charge whether reasonable or not since the statute specifically prohibits it. *See* 54 Am. Jur. 2d Moneylenders and Pawnbrokers *s.* 18, at 626 (1971). Since the plaintiff has not

objected to the court's order we need not determine whether the trial court properly permitted retention by the defendant of the sum of $522.08, representing payments made to the plaintiff's creditors. *See American Home Improvement Co.* v. *MacIver*, 105 N.H. 435, 438, 201 A.2d 886, 888 (1964).

In view of the result reached it is unnecessary to consider the other exceptions of the defendant to the findings relating to agency and unconscionability.

*Exceptions overruled; remanded.*

All concurred.