552 P.2d 1237

**Clifford HAMMOND, Plaintiff-Appellee,**

**v.**

**J. M. REEVES, Defendant-Appellant.**

**No. 2156.**

Court of Appeals of New Mexico.

July 27, 1976.

Joseph Warner III, Albuquerque, for defendant-appellant.

Charles J. Noya, Knight, Sullivan, Villella & Skarsgard, P.A., Albuquerque, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

This suit was instituted by Clifford Hammond (the lender) for recovery on two notes. J. M. Reeves (the borrower) counterclaimed for return of usurious interest payments, conversion, replevin of the pledged collateral, infliction of emotional distress, libel, and abuse of process. Following a trial to a judge, the lender was awarded judgment on the principal of the notes less interest paid. No damages were awarded the defendant for conversion, infliction of emotional distress, or abuse of process. The trial court denied that the allegedly defamatory material was libelous and stated that even if it were libelous, damages would be set at one dollar.

The borrower appeals the trial court's decision with regard to the validity of the notes, the usurious interest to which he was entitled, and the disposition of the libel claim. In addition he contests the exclusion of polygraph evidence.

The borrower challenges the trial court's refusal to void the $650.00 note. The statutory provision relied on by the borrower states that loans by an unlicensed lender are void and that the lender has no right to recover the principal. Section 48–17–32(d), N.M.S.A.1953 (Repl. Vol. 7). The licensing requirement is only applicable to persons who "engage in the business of lending in the amounts of one thousand ($1,000) dollars or less". Section 48–17–32(d), supra. The statute was subsequently amended to apply to lenders who make loans of $2,500 or less. Laws 1973, ch. 18, § 1.

The trial court did not void the note. It made no findings as to whether the lender was in the business of lending. However, it did reject the borrower's requested findings that the lender was engaged in the business of lending in amounts of $1,000 or less (Defendant's Requested Finding No. 17). The court's refusal of this finding operated as a finding against the borrower. *Worthey v. Sedillo Title Guaranty, Inc.*, 85 N.M. 339, 512 P.2d 667 (1973); *Gallegos v. War*, 78 N.M. 796, 438 P.2d 636 (1968).

The issue raised by the borrower is whether the court erred in finding that the lender was not engaged in the business of making small loans. The proof indicated that approximately five small loans were made by the lender.

The issue of when one is in the business of making small loans appears to be one of first impression in New Mexico. One court has defined the concept: " 'To "engage in or carry on business" has been uniformly construed as signifying "that which

occupies the time, attention, and labor of men, for the purpose of a livelihood or profit.". . .'" *State v. Bragg,* 36 Ala. App. 430, 57 So.2d 556 (1951), rvs'd. on other grounds, 257 Ala. 13, 57 So.2d 559 (1951). Another definition is: "To engage in a business, within the meaning of this act, is to pursue the occupation as a livelihood or as a source of profit, but it is not necessary that it should have been the defendant's sole occupation." *Rice v. Garnett,* 17 Ala.App. 239, 84 So. 557 (1919). See, Annotation, License—Single Transaction, 93 A.L.R.2d 90 (1964).

A distinction is frequently drawn between those engaging in business and those who make infrequent loans: "Occasional isolated acts of loaning money to accommodate one's customers and friends do not constitute 'engaging in the business' of loaning money . . . ." *Snyder v. Henrichs,* 115 Ind.App. 129, 55 N.E.2d 332 (1944). It is nonetheless recognized that whether one is engaging in a business is to be determined from all the circumstances, and one act can be sufficient to support a finding that one was engaged in business. *Currier v. Tuck,* 112 N.H. 10, 287 A.2d 625 (1972); cf. *Johnson v. United States,* 84 F.2d 114 (5th Cir. 1936); *Commonwealth v. Schwartz,* 197 Mass. 107, 83 N.E. 326 (1908).

The evidence and the inferences from the evidence were conflicting. The lender was only shown to have made a relatively small number of loans. He did have another business from which he presumably obtained the majority of his income. Neither of these factors alone are conclusive, yet they do lend support for the finding of the trial court. We cannot say the trial court erred in the conclusion it drew from these facts.

In Point I of his brief, the borrower also contends that the trial court committed reversible error in refusing to hear polygraph evidence concerning the interest paid for an earlier loan. This evidence is irrelevant to the issue of whether the lender was in the business of making small loans.

The borrower also raises as error the refusal of the trial court to give him twice the interest paid to the lender. The borrower relies on § 50–6–18, N.M.S.A. 1953 (Repl. Vol. 8, pt. 1), which provides that where usurious interest is charged, the borrower may recover twice the interest paid. The trial court agreed that the rate of interest was usurious, but only allowed return of the interest paid, not twice the interest. The trial court did not err. We note that the loan transactions occurred on April 19 and May 12, 1971. The counterclaim of borrower was filed in court March 18, 1974. This counterclaim was filed beyond the two-year statute of limitations. Section 50–6–18 supra.

The lender notes that there is a two-year statute of limitations in the section providing a penalty for usury. Section 50–6–18, supra. The trial court found that the statute of limitations was not available to the lender. We do not decide what is deemed to be the date of the usurious transaction nor whether the limitations provision applies to counterclaims, because the lender has not appealed this determination of the trial court.

During the course of the trial, the borrower attempted to introduce polygraph evidence. The borrower had contacted a polygraph operator and submitted to a test containing four questions regarding the events giving rise to the suit. One of the questions involved whether the lender had entered into an agreement with the borrower to extinguish prior debts in exchange for a new agreement. Of importance to this issue was whether any alleged agreement was supported by consideration. The trial judge ruled that no new agreement had been made. The polygrapher would have testified that the borrower was telling the truth when he stated that he had been paying a higher rate of interest before the agreement than afterwards. This reduction in interest was argued to constitute consideration. In Point II of his brief, the borrower argues that the ex-

clusion of this evidence was reversible error.

 At the time the trial judge declined to hear the polygrapher evidence, the position of our Supreme Court, as expressed in *State v. Lucero,* 86 N.M. 686, 526 P.2d 1091 (1974), was that polygraph evidence was inadmissible unless there was no objection to its introduction. Since then *State v. Dorsey,* 88 N.M. 184, 539 P.2d 204 (1975), in which the court overruled *Lucero* in part, has been decided. The present standard for the admissibility of polygraph evidence takes into consideration the qualifications of the operator, the reliability of the procedure used, the validity of the test made, and the requirements of the Rules of Evidence.

The polygraph tests were admissible in evidence. The trial court heard all the testimony. Evidently this did not affect its decision. The trial court denied borrower a new trial. The polygraph evidence did not affect any substantial rights of the borrower in this case. The trial court committed, at most, a harmless error. Section 21–1–1(61), N.M.S.A.1953 (Repl. Vol. 4).

In Point III the defendant contests the trial court's disposition of a libel claim that the defendant had raised against the plaintiff. The basis for the claim was a letter from the plaintiff to another creditor of the defendants in which the plaintiff told the creditor that he held a second mortgage on certain security and that the defendant had made no payments on the debt. Although the trial court found that the letter was not libelous per se or latently, he also noted that even if the letter were libelous, he would only grant damages of one dollar. The decision as to damages is fully supported by the evidence and there is no reason to decide whether the letter was in any respect libelous.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SUTIN and HERNANDEZ, JJ., concur.